UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY SHELTON,

                    Petitioner,

                                        CASE NO. 2:17-CV-13594
v.                                      HONORABLE NANCY G. EDMUNDS

CONNIE HORTON,[1]

                    Respondent.
_____/

### OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

I.    **Introduction**

        This is a *pro se* habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan

prisoner Larry Shelton ("Petitioner") was convicted of first-degree criminal sexual conduct

(person under 13 years old), Mich. Comp. Laws  § 750.520b(1)(a), following a jury trial in

the Oakland County Circuit Court.  He was sentenced as a fourth habitual offender, Mich.

Comp. Laws § 769.12, to 37 ½ to 75 years imprisonment in 2014.  In his petition, he raises

claims concerning the effectiveness of trial counsel relative to the admission of alleged

hearsay, the admission of other acts evidence, the sufficiency of the evidence, the

admission of DNA evidence, chain of custody, and his right to compulsory process, and the

fourth habitual offender notice.  For the reasons set forth, the Court denies habeas relief.

_____

        [1]Petitioner is currently confined at the Chippewa Correctional Facility in
Kincheloe, Michigan where Connie Horton is the warden.  Accordingly, the Court hereby
amends the caption for this case to reflect the proper respondent.

The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. Facts and Procedural History

Petitioner's conviction arises from his sexual assault of his 12-year-old daughter at her mother's house in Oakland County, Michigan in December, 2013. The Michigan Court of Appeals described the facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant was convicted by a jury of first-degree criminal sexual conduct (CSC–I), MCL 750.520b(1)(a), based on his sexual assault of his 12–year–old daughter, AJ. Defendant had given AJ a considerable amount of alcohol shortly before the assault. In addition to AJ's testimony, the evidence admitted at trial included significant statements AJ made following the assault to her mother, her cousin, and two nurses. Additionally, evidence was admitted that AJ's mother had gotten pregnant with AJ when she was 14 years old pursuant to a consensual sexual relationship with defendant, who had been 25 years old at the time.[2] Defendant contended that there was no direct eyewitness evidence that a sexual assault had actually occurred.

*People v. Shelton*, No. 324191, 2016 WL 3639972, *1 (Mich. Ct. App. July 7, 2016) (unpublished) (footnote added). The Court further adopts the more detailed summary of the trial testimony as set forth by defense counsel on direct appeal – to the extent those facts are consistent with the record and not argumentative. *See* Def. App. Brf., pp. 6-18.

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied relief on those claims and affirmed Petitioner's conviction and sentence. *Shelton*, 2016 WL 3639972 at *1-7. Petitioner filed an application for leave to appeal with the

---

[2]This Court notes that the term "consensual" is a misnomer as a 14-year-old cannot legally consent to sexual conduct with an adult.

Michigan Supreme Court, which denied leave to appeal in a standard order. *People v. Shelton*, 500 Mich. 1000, 895 N.W.2d 527 (2017).

Petitioner thereafter filed his federal habeas petition. He raises the following claims:

I.     He was denied his Sixth Amendment right to the effective assistance of counsel where his trial attorney failed to object to any of the evidence of alleged out of court statements by [the victim] which were admitted to corroborate her trial accusations. Her credibility was the key to the prosecution's case and statements to most witnesses were inadmissible hearsay.

II.    The trial court erred by admitting other acts evidence that was unduly prejudicial under MCL 768.27a instead of excluding the evidence under MRE 403, as a means of protecting his due process rights. U.S. Const. AMS VI, XIV.

III.   The Court of Appeals erred by finding that sufficiency of the evidence to support the verdict of CSC-I to MCL 750.520b(1)(a), since there was no proof that the laceration was caused by sexual intercourse. Reversal is warranted where there is insufficient evidence convict him of CSC-I, U.S. Const. VI.

IV.    He was denied due process contrary to the Sixth Amendment where he was denied the compulsory process to obtain witnesses in his favor, where the DNA evidence was produced the day of trial; the prosecution failed to establish a legitimate chain of custody for the evidence swabs collected from the crime scene. U.S. Const. VI, XIV.

V.     Where the prosecution conceded error in failing to give notice that they were seeking an enhancement habitual offender sentence within 21 days of arraignment he is entitled to resentencing on remand. MCL 769.34(10).

Respondent has filed an answer to the habeas petition contending that it should be denied because the claims are procedurally defaulted, not cognizable, and/or lack merit.

## III.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use

when considering habeas petitions brought by prisoners challenging their state court convictions.  The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must

4

have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.; see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that

5

fairminded jurists could find the state court decision to be reasonable.  *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72.  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  *Harrington*, 562 U.S. at 100.  Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent.  Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA."  *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam).  The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's decision.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir.

6

2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Discussion

### A. Procedural Default

As an initial matter, Respondent contends that some of Petitioner's claims are barred by procedural default. It is well-settled, however, that federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Supreme Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the procedural default issues are somewhat complicated and intertwined with the substantive issues, and the substantive issues are easier to resolve. Consequently, the interests of judicial economy are best served by addressing the merits of Petitioner's habeas claims.

### B.   Merits

### 1.   Ineffective Assistance of Counsel Claim

Petitioner first asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to properly object to the admission of alleged hearsay testimony from the victim's mother, the victim's cousin, and two nurses which corroborated the victim's testimony that Petitioner sexually assaulted her.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner received ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687.  Second, the petitioner must establish that counsel's deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or a fair appeal.  *Id.*

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance."  *Id.* at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  *Id.* at 689.  There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Id.* at 690.  The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

8

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. A federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and, when applicable, to state appellate courts reviewing their performance. *Harrington*, 562 U.S. at 105.

The Michigan Court of Appeals considered this claim under the *Strickland* standard and denied relief. The court determined that the victim's statements to her mother and cousin were properly admitted under the excited utterance exception to the hearsay rule set forth in Michigan Rule of Evidence 803(2) and that the victim's statements to the nurses were properly admitted under the medical treatment exception to the hearsay rule set forth in Michigan Rule of Evidence 803(4). Consequently, the court determined that trial counsel was not deficient for failing to object to such testimony at trial. *See Shelton*, 2016 WL 3639972 at *1-3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Given the Michigan Court of Appeals' ruling that the disputed testimony was properly admitted under the Michigan Rules of Evidence, Petitioner cannot establish that trial counsel erred and/or that he was prejudiced

9

by counsel's conduct.  Counsel cannot be deemed deficient for failing to make a meritless argument or a futile objection.  *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000).  Moreover, to the extent that Petitioner contests the state court's interpretation or application of state law as to the underlying evidentiary issues, he is not entitled to relief.  It is well-settled that state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus").  Petitioner fails to establish that trial counsel was ineffective under the *Strickland* standard.  Habeas relief is not warranted on this claim.

## 2.    Other Acts Evidence Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in admitting other acts evidence – testimony showing that the victim's mother was involved in a sexual relationship with Petitioner when she was a teenager and he was an adult and that she became pregnant with the victim when she was only 14 years old and Petitioner was 25 years old.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348,

1354 (6th Cir. 1993).  "Trial court errors in state procedure or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment."  *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *Estelle*, 502 U.S. at 69-70); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007)); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

The Michigan Court of Appeals denied relief on this claim finding that the other acts evidence was properly admitted into evidence under Michigan law based upon Michigan Compiled Laws § 768.27a(1), which allows for the admission of evidence that a defendant committed a prior listed offense against a minor when the defendant is charged with a listed offense against a minor, and that there was no reason to exclude it under Michigan Rule of Evidence 403.  *Shelton*, 2016 WL 3639972 at *3-4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  First, the evidence was properly admitted under Michigan law because Petitioner was charged with criminal sexual conduct involving a minor victim and he had previously engaged in such conduct with the victim's mother when she was a minor.  *See* Mich. Comp. Laws § 768.27a(1).  As discussed *supra*, state courts are the final arbiters of state law and the federal courts will not intervene in such matters.  *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328; *see also Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860.  Habeas relief does not lie for perceived errors of state law.  *Estelle*, 502 U.S. at 67-68.

11

Second, Petitioner fails to establish that the admission of the other acts evidence violated due process or rendered his trial fundamentally unfair.  As to the admission of other acts evidence, the Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice.  *Dowling v. United States*, 493 U.S. 342, 352–53 (1990).  Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence."  *Bugh*, 329 F.3d at 512.  Consequently, there is no Supreme Court precedent that the state court decision can be deemed "contrary to" under 28 U.S.C. § 2254(d)(1).  *Id.* at 513; *Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003).  Petitioner fails to state a claim upon which habeas relief may be granted as to such an issue.

Moreover, even if Petitioner states a cognizable claim as to the other acts evidence, he is not entitled to relief.  Petitioner fails to show that the admission of the other acts evidence rendered his trial fundamentally unfair.  The other acts evidence was properly admitted to show his pattern of engaging in sexual conduct with minor girls.  The trial court also instructed the jury as to the proper consideration of such evidence.  Jurors are presumed to follow the court's instructions.  *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to follow it.").  Petitioner fails to show that the admission of the other acts evidence was erroneous or, more importantly for purposes of habeas review, that it rendered his trial fundamentally unfair.  Habeas relief is not warranted on this claim.

### 3.    Insufficient Evidence Claim

Petitioner also asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence to support his first-degree criminal sexual conduct conviction.

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted). The sufficiency of the evidence standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n. 16, and through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Thus, under the AEDPA, challenges to the sufficiency of the evidence  "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Additionally, "it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). A federal habeas court may not re-weigh the evidence or re-determine the credibility of the witnesses. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). Accordingly, the

"mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Under Michigan law, the elements of first-degree criminal sexual conduct relative to the charged offense are that the defendant engaged in sexual penetration with another person, and that the other person was under 13 years of age. Mich. Comp. Laws § 750.520b(1)(a); *People v. Hammons*, 210 Mich. App. 554, 57, 534 N.W.2d 183 (1995). For the mandatory minimum sentence of 25 years imprisonment to be imposed, the defendant must be 17 years of age or older and the victim must be less than 13 years of age. Mich. Comp. Laws § 750.520b(2)(b). "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required" Mich. Comp. Laws § 750.520a(o); *People v. Garrow*, 99 Mich. App. 834, 837; 298 N.W.2d 627 (1980).

The prosecution must prove every element of a charged offense beyond a reasonable doubt. This burden includes proving that the defendant is the person who committed the crime. *People v. Oliphant*, 399 Mich. 472, 489, 250 N.W.2d 443 (1976); *People v. Kern*, 6 Mich. App. 406, 409, 149 N.W.2d 216 (1967). Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, *People v. Nowack*, 462 Mich. 392, 399-400, 614 N.W.2d 78 (2000); *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993); including identity, *Kern*, 6 Mich. App. at 409-10, and intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31 (1997); *see also Nowack*, 462 Mich. at 402-03.

Applying the *Jackson* standard and applicable state law, the Michigan Court of Appeals denied relief on this claim finding that the prosecution presented sufficient evidence to support Petitioner's conviction.  The court explained in relevant part:

> AJ did not remember substantial portions of the night because of her alcohol consumption, but she remembered waking up laying on the loveseat with defendant facing her "between [her] legs." She testified that she felt a sharp pain "like broken glass" in her "vaginal area," and that defendant's penis was touching her "vaginal area." Her cousin testified that AJ told her she needed to be picked up because "she woke up and her dad was on top of her, which his penis was—she said that she woke and, to his penis in her vagina," and clarified that the words AJ had actually used were "her dad was on top of her ... doing it to her." AJ's mother asked AJ, "did something happen or did he just try," to which AJ replied that "it happened, Mom, it happened," and that she woke up because her "vagina was hurting because [defendant] had his penis down there." One nurse testified that AJ told her that defendant had "put his privates in her privates." The other nurse asked AJ if there had been any "penetration in her vagina by a penis, and [AJ] said—yes," and AJ told her that when defendant was touching her, "he put his penis inside of [her]." During her physical examination of AJ she also noted a laceration on the "entrance to the vaginal opening" that was consistent with penetration, which, while not conclusive, was highly significant because injury was not always present in sexual assault victims. Therefore, AJ did not give direct testimony at trial that defendant penetrated her vagina with his penis, but the evidence strongly implies it, and four witnesses testified to statements AJ made regarding penetration.
>
> Defendant essentially argues that the jury should have interpreted the evidence and relative credibility of the witnesses differently, which is completely contrary to the proper standard of review and role assigned to the jury. Even though AJ did not directly testify that penetration had occurred, the trier of fact was free to conclude that the witnesses recounting AJ's statements regarding penetration were credible. *People v. Fletcher*, 260 Mich App 531, 561–562; 679 NW2d 127 (2004). Accordingly, there was sufficient evidence for a rational trier of fact to conclude that sexual penetration occurred.

*Shelton*, 2016 WL 3639972 at *5-6.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  The victim's testimony established

that she was 12 years old at the time of the incident and that Petitioner, who was well over 17 years of age, penetrated her vagina with his penis when she was asleep on the couch at her mother's home.  The testimony of a victim alone can be constitutionally sufficient to sustain a conviction.  *See Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases).  Moreover, the testimony from the victim's mother, the victim's  cousin, and the nurses further indicated that penetration occurred during the incident.  The victim's testimony, corroborated by the family and medical testimony, when considered in a light favorable to the prosecution, established beyond a reasonable doubt that Petitioner committed first-degree criminal sexual conduct.

Petitioner challenges the jury's evaluation of the victim's testimony and the other evidence presented at trial, as well as the inferences the jury drew from the evidence. However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts.  *Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The jury's verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable.  The evidence presented at trial, viewed in a light favorable to the prosecution, established Petitioner's guilt of the charged offense beyond a reasonable doubt.  Habeas relief is not warranted on this claim.

### 4.    DNA Evidence Claim

Petitioner next asserts that he is entitled to habeas relief because the prosecution failed to establish a chain of custody for the DNA swabs and because he was unable to obtain witnesses in his favor in violation of his due process and compulsory process rights because the DNA results were disclosed shortly before trial and the trial court denied defense counsel's request for an adjournment on the day of trial.

The Michigan Court of Appeals denied relief on this claim finding that the prosecution sufficiently demonstrated a chain of custody for the DNA evidence through the testimony of the various individuals who handled the materials and conducted the testing. The court did not separately discuss the due process/compulsory process aspect of this claim. *Shelton*, 2016 WL 3639972 at *6-7.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. As noted, an alleged trial court error in the application of state procedure or evidentiary law is generally not cognizable as grounds for federal habeas relief. *Estelle*, 502 U.S. at 67-68. Such an error does not rise to the level of a federal constitutional claim warranting habeas relief unless it renders the proceeding "so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo*, 365 F.3d at 494 (quoting *Estelle*, 502 U.S. at 69-70); *see also Wynne*, 606 F.3d at 871; *Bugh*, 329 F.3d at 512.

Petitioner's chain of custody argument merely alleges a violation of state evidentiary rules. Consequently, he fails to state a claim upon which federal habeas relief may be granted as to this issue. Moreover, a break in the chain of custody generally goes to the weight of the evidence, not its admissibility. *United States v. Allen*, 619 F.3d 518, 525 (6th Cir. 2010); *People v. White*, 208 Mich. App. 126, 130-31, 527 N.W.2d 34, 37 (1994). The

17

record in this case indicates that the DNA swabs were collected, labeled, stored in the property room, sent to the crime lab, and the trial testimony established a reasonable chain of custody. Petitioner presents no evidence to show that the DNA swabs tested were not those recovered from the scene or his person, or that the samples were tampered with or mishandled by the authorities. He thus fails to show that the trial court erred in admitting the DNA evidence or that its admission deprived him of a fundamentally fair trial in violation of his due process rights.

Petitioner also fails to establish a violation of his compulsory process rights, which is really a claim concerning his right to present a defense, arising from the trial court's admission of the DNA evidence and the denial of defense counsel's request for an adjournment to consult with an expert.[3] The right of an accused to present a defense has long been recognized as "a fundamental element of due process." *Washington v. State*, 388 U.S. 14, 19 (1967). However, "a defendant's right to present evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). Indeed, "[a] defendant's interest in presenting . . . evidence may thus bow to accommodate other legitimate interests in the criminal trial process." *Id.* (internal quotations omitted). Additionally, a trial court has broad discretion in determining whether to grant or deny a motion for a continuance or adjournment in a criminal case. *See Unger v. Sarafite*, 373 U.S. 575, 589 (1964); *see also Morris v. Slappy*, 461 U.S. 1, 11 (1983) (recognizing that trial courts have "broad discretion" in matters related to continuances). When a habeas petitioner challenges the grant or denial of such a request,

---

[3]To the extent that the Michigan Court of Appeals did not address this aspect of Petitioner's claim, the Court's review of the issue is *de novo*.

not only must there have been an abuse of discretion, the trial court's decision "must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process." *Bennett v. Scroggy*, 793 F.2d 772, 774-75 (6th Cir. 1986).

The trial court's admission of the DNA evidence and denial of the adjournment request was reasonable.  First, the defense was aware of the possibility that DNA evidence could be presented given the nature of the case and the fact that Petitioner had provided a sample for testing.  Second, the record indicates that the prosecution received the DNA evidence report about two weeks before trial and forwarded it to defense counsel the same day, such that there was no intentional delay in turning over the report.  Third, defense counsel had access to the report two weeks before trial and had sufficient opportunity to consult with an expert before trial and/or during trial.  An adjournment was not required under such circumstances.

Moreover, and significantly, Petitioner fails to show how an adjournment or the consultation or use of an expert witness would have benefitted the defense – nor has he credibly challenged the validity of the DNA evidence, the scientific methods, or the testifying expert's conclusions.  Petitioner merely speculates that additional preparation time and consultation with an expert about the DNA evidence would have benefitted his defense.  Such conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.  *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing on habeas review).  Petitioner fails to show that he was denied his

19

right to present a defense or otherwise establish a violation of his constitutional rights. Habeas relief is not warranted on this claim.

### 5.    Fourth Habitual Offender Notice Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because he was not given proper, timely notice of the fourth habitual offender sentencing enhancement in accordance with state law.

The Michigan Court of Appeals denied relief on this claim finding that Petitioner waived the issue by failing to object at trial and "pleading" to his habitual offender status whereby he acknowledged his three prior felony convictions under oath. The court further found that Petitioner was given timely notice under Michigan Court Rule 6.112(F) and Mich. Comp. Laws § 769.13(1). *Shelton*, 2016 WL 3639972 at *7.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, Petitioner's claim that he received inadequate notice of the habitual offender enhancement under Michigan law fails to state a claim which is cognizable upon federal habeas review. *See, e.g., Tolbert v. LeCureaux*, 811 F. Supp. 1237, 1240–41 (E.D. Mich. 1993); *see also Threat v. Harry*, No. 2:17-CV-12465, 2018 WL 2431707, *7 (E.D. Mich. May 30, 2018) (denying relief on similar claim); *MacArthur v. Curtin*, No. 13-CV-11307, 2014 WL 3767835, *15-16 (E.D. Mich. July 31, 2014) (adopting magistrate judge's report and citing cases). It is well-settled that habeas relief may not be based upon a perceived violation of state law. *Estelle*, 502 U.S. at 67-68.

Second, due process does not require advance notice that a trial on a substantive criminal charge will be followed by a habitual offender enhancement. Due process only

2125567dfb4603c6

requires that a defendant be given reasonable notice and an opportunity to be heard. *Oyler v. Boles*, 368 U.S. 448, 4526 (1962). In this case, the record shows that the prosecutor filed a fourth habitual offender notice and that Petitioner had the opportunity to challenge his sentencing enhancement during the proceedings before the state trial court. The record also confirms that Petitioner had at least three prior felonies – and he does not dispute that he had prior felony convictions which justified the fourth habitual offender sentencing enhancement. Due process requires nothing more. *Id.* at 452–54. Petitioner fails to establish a violation of his constitutional rights. Habeas relief is not warranted on this claim.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A federal court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In this case, Petitioner

fails to make a substantial showing of the denial of a constitutional right as to his habeas claims.  Accordingly, the Court **DENIES** a COA.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith.  Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  May 1, 2020