UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY SHELTON,

        Petitioner,

v.

CASE NO. 2:17-CV-13594
HONORABLE NANCY G. EDMUNDS

CONNIE HORTON,

        Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION**
**TO REOPEN THE TIME TO FILE A NOTICE OF APPEAL**

This matter is before the Court on Petitioner's motion to reopen the time for filing an appeal with the United States Court of Appeals for the Sixth Circuit. The appeal concerns this Court's May 1, 2020 decision denying his habeas petition, denying a certificate of appealability, and denying leave to proceed in forma pauperis on appeal. Petitioner's notice of appeal (with a date of May 1, 2020) was postmarked on August 31, 2020. Consequently, the Sixth Circuit determined that Petitioner's notice of appeal was late and issued a show cause order requiring him to file either a motion for an extension of time to appeal under Federal Rule of Appellate Procedure 4(a)(5) or a motion to reopen the time for fling an appeal under Federal Rule of Appellate Procedure 4(a)(6). *See Shelton v. Horton*, No. 20-1891 (6th Cir. Sept. 18, 2020). Petitioner chose the latter option and dated his motion to reopen the time for filing an appeal on September 23, 2020. In his motion, Petitioner states that his notice of appeal was late because he did not receive a copy of this

Court's dispositive decision until August 7, 2020 and he has limited access to the law library due to the COVID-19 pandemic.[1]

Federal Rule of Appellate Procedure 4(a)(6) provides:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed from within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Petitioner fails to satisfy all three of these requirements.  While Petitioner asserts that he did not receive a copy of the Court's dispositive decision until August 7, 2020, which is more than 21 days after it was issued, and there is no apparent prejudice to the parties, his notice of appeal was not postmarked for mailing until August 31, 2020 and he dated the instant motion to reopen on September 23, 2020 – both of which are more than 14 days after when he claims to have received notice of the Court's decision.  The Court therefore **DENIES** Petitioner's motion to reopen the time to file an appeal.[2]

**IT IS ORDERED**.

---

[1] It is unclear why/how Petitioner could date his notice of appeal on May 1, 2020 if he claims that he did not receive notice of the Court's decision until August 7, 2020.

[2] The Court notes that Petitioner's notice of appeal was filed more than 60 days after the Court's dispositive decision such that he also cannot obtain an extension of time to appeal under Federal Rule of Civil Procedure 4(a)(5).

                                                      <u>s/ Nancy G. Edmunds</u>
                                                      NANCY G. EDMUNDS
                                                      UNITED STATES DISTRICT JUDGE

Dated:  October 5, 2020